# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br>vs.<br>ROBERT TORAL; ROSEANN COVARRUBIAS; and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO. 12cv2986-WQH-DHB<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are the Motion to Remand (ECF No. 2) filed by Plaintiff Federal Home Loan Mortgage Corporation and the Motion to Dismiss (ECF No. 4) filed by Defendant Roseann Covarrubias.

## BACKGROUND

    On December 3, 2012, Plaintiff Federal Home Loan Mortgage Corporation initiated this action by filing a Complaint for Unlawful Detainer Following Foreclosure Sale in the Superior Court of California, County of San Diego, where it was assigned case number 37-2012-00047677-CL-UD-CTL. (ECF No. 1-6 at 8-11). The Complaint alleges that Plaintiff purchased real property located at 247 Elm Avenue, Chula Vista, California at a foreclosure sale. The Complaint alleges that Plaintiff served Defendants with written notice requiring them to vacate the property, and that Defendants have failed to vacate the property. The Complaint alleges a single claim for unlawful detainer under California law, and seeks

1 possession of the property and damages that "do[] not exceed $10,000." *Id.* at 8.

2 On December 16, 2012, Defendants removed the action to this Court. (ECF No. 1). The Notice of Removal asserts that removal is based upon diversity, federal question, and supplemental jurisdiction. *See id.* at 6-8.

5 On January 4, 2013, Plaintiff filed the Motion to Remand. (ECF No. 2). On January 28, 2013, Defendant Covarrubias filed an opposition.[1] (ECF No. 8). On January 29, 2013, Plaintiff filed a reply. (ECF No. 9).

8 On January 4, 2013, Defendant Covarrubias filed the Motion to Dismiss for failure to state a claim. (ECF No. 4). On January 9, 2013, Plaintiff filed an opposition. (ECF No. 6).

**DISCUSSION**

11 Plaintiff contends that the Court does not have subject-matter jurisdiction over this action and that it should be remanded. (ECF No. 2-1). Plaintiff contends that "there is no federal question involved in a state court unlawful detainer case, even assuming the Defendant intends to asse[r]t a federal defense to the underlying state law claim...." *Id.* at 2. Plaintiff contends that the Court lacks diversity jurisdiction because the complaint alleges an amount in controversy of less than $10,000.00 and the Notice of Removal does not allege the citizenship of Plaintiff. *Id.* at 6.

18 Defendant Covarrubias asserts that the Notice of Removal contains a typographical error and that Plaintiff is misidentified.[2] (ECF No. 8 at 11). Defendant Covarrubias asserts that, if the Court looks past the typographical error, the Notice of Removal alleges that Defendants are citizens of California and that Plaintiff is a resident of Virginia. *Id.* at 11. Defendant Covarrubias contends that the Notice of Removal demonstrates, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 because Plaintiff "seeks possession of a home that is encumbered by a Note and Deed of Trust that exceeds $300,000 dollars...." *Id.* at 12. Defendant Covarrubias contends that the Notice of Removal alleges a

---

[1]The docket reflects that Defendant Robert Toral has not filed an opposition to the Motion to Remand (ECF No. 2).

[2]The Notice of Removal states, in pertinent part: "The Removed Plaintiff, CITIBANK, is a resident of a state of Virginia." (ECF No. 1 at 6).

federal question "[b]ecause this removed action is a compulsory counterclaim to [a related case filed by Defendant Covarrubias in this Court]...." *Id.* at 14.

A defendant may remove a civil action from state court to federal court pursuant to the general removal statute, based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. Federal question jurisdiction may not "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009); *see also id.* at 1273 ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."). Subject-matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1). "[D]iversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing, *inter alia*, 28 U.S.C. § 1441(a)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*.

In this case, "it is not facially evident" from the state court complaint – which demands an amount "not exceed[ing] $10,000" – that the amount in controversy requirement is satisfied. *Matheson*, 319 F.3d at 1090; ECF No. 1-6 at 8. The Court finds that the Notice of Removal has failed to "prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090. The Deed of Trust indicates that Defendants borrowed $399,900.00 in order to purchase the real property at issue in this case (ECF No. 1-4 at 35-36); however, in unlawful detainer actions, the amount of damages sought

1 in the complaint, not the value of the subject real property, determines the amount in
2 controversy. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 170-71 (1977) ("[I]n a
3 summary proceeding for unlawful detainer 'the right to possession alone was involved, and the
4 broad question of title could not be raised and litigated by cross-complaint or affirmative
5 defense.' ... Real parties are not left without a remedy. The issues which they seek to litigate
6 can be pursued by way of quiet title actions.").[3] To the extent Defendant Covarrubias contends
7 that she has a defense to the unlawful detainer action grounded in federal law, "the existence
8 of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL*
9 *Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Constr.*
10 *Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983)). The Court concludes that this action must
11 be remanded for lack of subject-matter jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 2) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California, County of San Diego. The Motion to Dismiss is DENIED as moot. (ECF No. 4).

DATED: April 9, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[3] The Court's docket reflects that Defendant Covarrubias has filed an action against Plaintiff to quiet title. *See Covarrubias v. Federal Home Loan Mortgage Corporation, et al.*, 12-CV-2775-WQH-DHB (S.D. Cal.).